GILLESPIE, Presiding Justice
(concurring).
I concur in the reversal of this case and the discharge of the defendant because the State failed to offer proof (1) that defendant took part in the asportation of the cat- *622 tie from the owner’s farm, or (2) that defendant was present at the time the cattle were delivered to the sale barn, or (3) that defendant was the person to whom the checks were delivered by the Livestock Producer’s Sale Barn for the cattle, or (4) that the signature on either of the checks was defendant’s signature, or (5) that defendant cashed the checks. The only evidence tending to connect defendant with the crime was the fact that whoever cashed the checks used the defendant’s closed bank account number, address and driver’s license. The only evidence offered on the question of whether defendant wrote the endorsement on the checks was that it was not in his writing. If it had been in his handwriting it seems that the State could have easily established that fact.
The statement in the Court’s opinion that if the evidence had been sufficient for the jury to find that defendant cashed the check at the bank, this fact alone is not sufficient to establish that defendant was in possession of the stolen property, is not necessary to the decision since the evidence was not sufficient. My view of the case would probably be different if the State had proved that defendant cashed either or both of the checks.